UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH USA INC., <br><br> Plaintiff, <br><br> — against — <br><br> MICHAEL MACHUA MILLETT, <br><br> Defendant. | Case No. 22-cv-06656 (JMF) <br><br> **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** |

Defendant Michael Machual Millett ("Millett"), by and through his undersigned counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, as and for his Answer to the Amended Complaint filed by plaintiff Marsh USA Inc. ("Plaintiff" or "Marsh") filed on September 20, 2022 (the "Amended Complaint"), respectfully responds as follows:

### INTRODUCTION

1. Millett denies the allegations in paragraph 1 of the Amended Complaint.

2. Millett states that the allegations in paragraph 2 of the Amended Complaint set forth the general nature of the legal claims that Plaintiff has asserted against him and denies that he has caused Plaintiff injury or is liable to Plaintiff under any of Plaintiff's legal theories.

3. Millett states that the allegations in paragraph 3 of the Amended Complaint set forth the general nature of the legal claims that Plaintiff has asserted against him and denies that he has caused Plaintiff injury or is liable to Plaintiff under any of Plaintiff's legal theories.

4. Millett admits the allegations in paragraph 4 of the Amended Complaint.

5. In response to the allegations in paragraph 5 of the Amended Complaint, Millett refers to the agreements referenced therein for their contents.

6. Millett denies the allegations in paragraph 6 of the Complaint, except admits that he was employed by Marsh for a period of time, that he received a six-figure salary from Marsh, that Marsh granted him bonus compensation and equity, and that he had access to some of Marsh's information during his employment there.

7. Millett denies the allegations in paragraph 7 of the Amended Complaint, except admits that he is a licensed attorney and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Marsh's expectations.

8. Millett denies the allegations in paragraph 8 of the Amended Complaint, except admits that he resigned from Marsh in early June 2022 and subsequently became employed by the Northeast Series of Lockton Companies, LLC.

9. Millett denies the allegations in paragraph 9 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to Marsh's state of mind.

10. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14. Millett denies the allegations in paragraph 14 of the Amended Complaint.

15. Millett denies the allegations in paragraph 15 of the Amended Complaint, except admits that certain companies with whom Millett had worked or had contact while employed by Marsh have engaged the Northeast Series as their broker of record.

16. Millett denies knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 16 of the Amended Complaint, except denies that he has unlawfully solicited the business of Marsh clients with whom he worked while employed by Marsh.

17. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Northeast Series in paragraph 17 of the Amended Complaint, but admits that he received a letter from Marsh and refers to that letter for its contents.

18. Millett denies the allegations in paragraph 18 of the Amended Complaint.

## PARTIES

19. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, except admit that Plaintiff provides insurance brokering and risk management services.

20. In response to the allegations in paragraph 20 of the Amended Complaint, Millett admits that he resides where alleged, is a former employee of Marsh and a current employee of the Northeast Series.

21. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

## JURISDICTION AND VENUE

22. In response to the allegations in paragraph 22 of the Amended Complaint, Millett asserts that it contains a conclusion of law to which no response is required.

23. Millett denies the allegations in paragraph 23 of the Amended Complaint, except refers to the referenced non-solicitation agreements and confidentiality agreements for their contents.

## FACTUAL ALLEGATIONS

24. Millett admits the allegations in paragraph 24 of the Amended Complaint.

### Millett's Employment

25. Millett denies the allegations in paragraph 25 of the Amended Complaint, except admits that he commenced employment with Marsh in 2010 at its Boston, Massachusetts office.

26. Millett admits the allegations in paragraph 26 of the Amended Complaint.

27. Millett denies the allegations in paragraph 27 of the Amended Complaint, except admits that, before becoming employed by Marsh, he worked as an attorney in private practice and did not have any insurance brokerage clients when he first joined Marsh.

28. Millett denies the allegations in paragraph 28 of the Amended Complaint.

29. Millett admits the allegations in paragraph 29 of the Amended Complaint.

30. Millett admits the allegations in paragraph 30 of the Amended Complaint.

31. Millett denies the allegations in paragraph 31 of the Amended Complaint, except admits that Marsh provided certain financial and internal resources to Millett that he used to perform his job duties at Marsh.

32. Millett denies the allegations in paragraph 32 of the Amended Complaint, except admits that he had a client-facing role for part of his tenure at Marsh and that Marsh paid for certain expenses in connection with Millett's performance of his job duties at Marsh, and denies knowledge or information sufficient to form a belief as the truth of the allegations in that paragraph concerning Marsh's investment in marketing collateral and sales tools.

**Millett's Exposure to Confidential Information**

33. In response to the allegations in paragraph 33 of the Amended Complaint, Millett states that whether the referenced information constitutes Marsh's confidential information is a conclusion of law to which no response is required, except admits that Millett admits that, during his employment at Marsh, he became familiar with certain Marsh information.

34. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint, except admits that he used a password to access certain Marsh information.

35. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint, except refers to the non-solicitation agreement and confidentiality agreement that he signed with Marsh for their respective contents.

**Millett's Non-Solicitation Agreements**

36. In response to the allegations in paragraph 36 of the Amended Complaint, Millett admits that he signed non-solicitation agreements while employed by Marsh and refers to those agreements for their respective contents.

37. In response to the allegations in paragraph 37 of the Amended Complaint, Millett admits that he signed the Non-Solicitation Agreement attached to the Amended Complaint as Exhibit A and refers to that agreement for its contents.

38. In response to the allegations in paragraph 38 of the Amended Complaint, Millett refers to the agreements attached as Exhibit A to the Amended Complaint for its contents.

39. In response to the allegations in paragraph 39 of the Amended Complaint, Millett refers to the agreements attached as Exhibit A to the Amended Complaint for its contents.

40. In response to the allegations in paragraph 40 of the Amended Complaint, Millett refers to the agreement attached as Exhibit A to the Amended Complaint for its contents.

41. In response to the allegations in paragraph 41 of the Amended Complaint, Millett admits that he electronically signed the Restrictive Covenants Agreement attached to the Amended Complaint as Exhibit B and refers to that agreement for its contents.

42. In response to the allegations in paragraph 42 of the Amended Complaint, Millett refers to the agreement attached as Exhibit B to the Amended Complaint for its contents.

43. In response to the allegations in paragraph 43 of the Amended Complaint, Millett refers to the agreement attached as Exhibit B to the Amended Complaint for its contents.

44. Millett denies the allegations in paragraph 44 of the Amended Complaint, except refers to the agreement attached as Exhibit B to the Amended Complaint for its contents.

45. In response to the allegations in paragraph 45 of the Amended Complaint, Millett refers to the agreement attached as Exhibit B to the Amended Complaint for its contents.

46. In response to the allegations in paragraph 46 of the Amended Complaint, Millett refers to the agreement attached as Exhibit B to the Amended Complaint for its contents.

## Millett's Confidentiality Agreements

47. In response to the allegations in paragraph 47 of the Amended Complaint, Millett admits that he signed the document attached to the Amended Complaint as Exhibit C and refers to that document for its contents.

48. In response to the allegations in paragraph 48 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

49. In response to the allegations in paragraph 49 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

50. In response to the allegations in paragraph 50 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

51. In response to the allegations in paragraph 51 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

52. In response to the allegations in paragraph 52 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

53. In response to the allegations in paragraph 53 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

54. In response to the allegations in paragraph 54 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

55. In response to the allegations in paragraph 55 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

56. In response to the allegations in paragraph 56 of the Amended Complaint, Millett refers to the agreement attached as Exhibit C to the Amended Complaint for its contents.

## **The Post-Employment Covenants Are Reasonable**

57. Millett asserts that the allegations in paragraph 57 of the Amended Complaint state conclusions of law to which no response is required.

58. Millett asserts that the allegations in paragraph 58 of the Amended Complaint state conclusions of law to which no response is required, and otherwise denies them to the extent any response is required.

59. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint.

60. Millett asserts that the allegations in paragraph 60 of the Amended Complaint state conclusions of law to which no response is required, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's investments, and otherwise denies the allegations to the extent any response is required.

61. Millett asserts that the allegations in paragraph 61 of the Amended Complaint state conclusions of law to which no response is required, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's "interest", and otherwise denies the allegations to the extent any response is required.

62. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint.

63. Millett asserts that the allegations in paragraph 63 of the Amended Complaint state conclusions of law to which no response is required, and otherwise deny them to the extent any response is required.

### Millett's Resignation and [Alleged] Improper Solicitation of Marsh's Clients

64. Millett admits the allegations in paragraph 64 of the Amended Complaint.

65. Millett admits the allegations in paragraph 65 of the Amended Complaint, except denies knowledge or information sufficient to form a belief about the purpose or intention of Plaintiff's counter.

66. Millett admits the allegations in paragraph 66 of the Amended Complaint.

67. Millett denies the allegations in paragraph 67 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's knowledge and motives, and admits that Plaintiff accepted his resignation and that Millett offered two weeks' notice.

4313475.1

68. Millett denies the allegations in paragraph 68 of the Amended Complaint.

69. In response to the allegations in paragraph 69 of the Amended Complaint, Millett refers to the referenced email for its contents and attachments.

70. Millett admits the allegations in paragraph 70 of the Amended Complaint.

71. In response to the allegations in paragraph 70 of the Amended Complaint, Millett refers to the referenced email for its contents.

72. Millett admits the allegations in paragraph 72 of the Amended Complaint, and avers that he inadvertently sent an incorrect passcode for one of the phones and duly corrected it thereafter.

73. Millett admits the allegations in paragraph 73 of the Amended Complaint.

74. In response to the allegations in paragraph 74 of the Amended Complaint, Millett refers to the referenced document for its contents.

75. Millett denies the allegations in paragraph 75 of the Amended Complaint.

76. In response to the allegations in paragraph 76 of the Amended Complaint, Millett states that whether he "solicited" Marsh clients states a legal conclusion to which no response is required, and otherwise denies the allegations.

77. In response to the allegations in paragraph 77 of the Amended Complaint, Millett refers to the referenced email for its contents.

78. In response to the allegations in paragraph 78 of the Amended Complaint, Millett refers to the referenced email for its contents.

79. In response to the allegations in paragraph 79 of the Amended Complaint, Millett refers to the referenced email for its contents.

80. In response to the allegations in paragraph 80 of the Amended Complaint, Millett refers to the referenced email for its contents.

81. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint.

82. In response to the allegations in paragraph 82 of the Amended Complaint, Millett denies knowledge or information sufficient to form a belief as to whether and what notice Beatty purportedly received from the referenced insurance company, and otherwise denies the allegations.

83. In response to the allegations in paragraph 83 of the Amended Complaint, Millett denies knowledge or information sufficient to form a belief as to what Beatty purportedly learned, and otherwise denies the allegations.

84. Millett denies the allegations in paragraph 84 of the Amended Complaint.

85. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint.

86. In response to the allegations in paragraph 86 of the Amended Complaint, Millett admits that he received an email attaching a letter from Carolyn Rincon and refers to that email and letter for its contents.

87. In response to the allegations in paragraph 87 of the Amended Complaint, Millett refers to the letter for its contents.

88. Millett denies the allegations in paragraph 88 of the Amended Complaint, except admits that he did not directly respond to the referenced letter.

89. In response to the allegations in paragraph 89 of the Amended Complaint, Millett refers to the referenced email for its contents.

4313475.1

90. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Complaint.

91. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Amended Complaint.

92. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Amended Complaint.

93. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Amended Complaint.

94. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Amended Complaint.

95. In response to the allegations in paragraph 95 of the Amended Complaint, Millett refers to the referenced email for its contents.

96. In response to the allegations in paragraph 96 of the Amended Complaint, Millett refers to the referenced email for its contents.

97. In response to the allegations in paragraph 97 of the Amended Complaint, Millett denies knowledge or information sufficient to form a belief as whether Plaintiff was "unsurprised," admits that he did not directly respond to the referenced email, and admits that he provided the requested passcode.

98. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Amended Complaint.

99. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Amended Complaint.

100. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Amended Complaint.

101. Millett denies the allegation in paragraph 101 of the Amended Complaint.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – Non-Solicitation of Clients – Against Millett)

102. In response to paragraph 102 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 101 as if fully set forth herein.

103. Millett states that the allegations in paragraph 103 of the Amended Complaint state a conclusion of law to which no response is required, and otherwise denies those allegations.

104. In response to the allegations in paragraph 104 of the Amended Complaint, Millett refers to the Non-Solicitation Agreements for their contents.

105. Millett denies the allegations in paragraph 105 of the Amended Complaint.

106. The allegations in paragraph 106 of the Amended Complaint state a conclusion of law to which no response is required, and Millett otherwise denies them.

107. Millett denies the allegations in paragraph 107 of the Amended Complaint.

108. Millett denies the allegations in paragraph 108 of the Amended Complaint.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract – Confidential Information – Against Millett)

109. In response to paragraph 109 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 108 as if fully set forth herein.

110. Millett states that the allegations in paragraph 110 of the Amended Complaint state a conclusion of law to which no response is required, and otherwise deny those allegations.

111. In response to the allegations in paragraph 111 of the Amended Complaint, Millett refers to the Confidentiality Agreements for their contents.

112. Millett denies the allegations in paragraph 112 of the Amended Complaint.

113. Millett states that the allegations in paragraph 113 of the Amended Complaint state a conclusion of law to which no response is required.

114. Millett denies the allegations in paragraph 114 of the Amended Complaint.

115. Millett denies the allegations in paragraph 115 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duties –Against Millett)

116. In response to paragraph 116 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 115 as if fully set forth herein.

117. Millett states that the allegations in paragraph 117 of the Amended Complaint state a conclusion of law to which no response is required.

118. Millett states that the allegations in paragraph 118 of the Amended Complaint state a conclusion of law to which no response is required.

119. Millett denies the allegations in paragraph 119 of the Amended Complaint.

120. Millett denies the allegations in paragraph 120 of the Amended Complaint.

121. Millett denies the allegations in paragraph 121 of the Amended Complaint.

122. Millett denies the allegations in paragraph 121 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF
### (Tortious Interference with Existing and Prospective Business Relationships –Against All Defendants)

123. In response to paragraph 123 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 122 as if fully set forth herein.

124. Millett denies the allegations in paragraph 124 of the Amended Complaint, except admits that, while working for Marsh, he obtained knowledge about the business relationships that existed between Marsh and certain of its clients.

125. Millett denies the allegations in paragraph 125 of the Amended Complaint.

126. Millett denies the allegations in paragraph 126 of the Amended Complaint.

127. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Amended Complaint.

128. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Amended Complaint.

129. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Amended Complaint.

130. Millett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Amended Complaint.

131. Millett denies the allegations in paragraph 131 of the Complaint.

132. In response to the allegations in paragraph 132 of the Amended Complaint, Millett states that it contains conclusions of law to which no response is required, and otherwise denies those allegations.

133. Millett denies the allegations in paragraph 133 of the Amended Complaint.

134. Millett denies the allegations in paragraph 134 of the Amended Complaint.

135. Millett denies the allegations in paragraph135 of the Amended Complaint.

136. Millett denies the allegations in paragraph 136 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF
### (Tortious Interference with Contract –Against Defendant Lockton)

137. In response to paragraph 137 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 137 as if fully set forth herein.

138. In response to the allegations in paragraph 138 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required.

139. In response to the allegations in paragraph 139 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required.

140. In response to the allegations in paragraph 140 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required..

141. In response to the allegations in paragraph 41 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required..

142. In response to the allegations in paragraph 142 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required.

143. In response to the allegations in paragraph 143 of the Amended Complaint, Millett states that it contains claims and allegations solely against a nonparty to which no response is required.

## SIXTH CLAIM FOR RELIEF
### (Unfair Competition –Against All Defendants)

144.　In response to paragraph 144 of the Amended Complaint, Millett repeats and realleges each of his responses to paragraphs 1 through 143 as if fully set forth herein.

145.　Millett denies the allegations in paragraph 145 of the Amended Complaint.

146.　Millett denies the allegations in paragraph 146 of the Amended Complaint.

147.　Millett denies the allegations in paragraph 147 of the Amended Complaint.

148.　Millett denies the allegations in paragraph 148 of the Amended Complaint.

149.　Millett denies the allegations in paragraph 149 of the Amended Complaint.

150.　Millett denies the allegations in paragraph 149 of the Amended Complaint.

151.　Millett denies the allegations in paragraph 150 of the Amended Complaint.

152.　Millett denies the allegations in paragraph 151 of the Amended Complaint.

153.　Millett denies the allegations in paragraph 152 of the Amended Complaint.

## GENERAL DENIAL

Millett denies each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Millett asserts the following separate defenses with respect to the causes of action alleged in the Amended Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against Millett upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the equitable and common law doctrines of waiver, estoppel, laches, acquiescence, unclean hands, and/or ratification.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries, if any, are due, in whole or in part, to its own actions.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered damages or loss, which is denied, Plaintiff has failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in party, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The actions of Millett alleged in the Amended Complaint, if any such actions occurred, were legally and contractually justified and cannot give rise to any liability on the part of Millett.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no cognizable injury as a result of any conduct by Millett.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the restrictive covenants in the non-solicitation agreements constitute unlawful restraints of trade that are unenforceable and in violation of the public policy of New York.

### TENTH AFFIRMATIVE DEFENSE

The Non-Solicitation Agreements are unenforceable, in whole or in part, because the restrictions therein are greater than required to protect any legitimate interest of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The restrictive covenants in the Non-Solicitation Agreements are unenforceable, in whole or in part, because the restrictions therein are overly broad.

### TWELFTH AFFIRMATIVE DEFENSE

The Non-Solicitation Agreements are unenforceable, in whole or in part, because they impose undue hardship on Millett.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages as a result of any clients' decisions to transfer their business to Millett, which they did of their own free will.

### RESERVATION OF DEFENSES

Millett gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during the course of any further proceedings in this case, and reserves the right to assert such defenses.

WHEREFORE, Millett respectfully requests that this Court find Plaintiff's allegations in the Amended Complaint to be without merit, deny all relief requested by Plaintiff, enter judgment in Millett's favor and against Plaintiff, and award Millett his costs, attorney's fees, and

4313475.1

such other and further relief as the Court deems just and appropriate.

                                              Respectfully submitted,

Dated: October 19, 2022
      New York, New York        By: /s/ S. Preston Ricardo
                                            S. Preston Ricardo
                                            Jeffrey A. Miller
                                            **GOLENBOCK EISEMAN ASSOR BELL**
                                            **& PESKOE LLP**
                                            711 Third Avenue
                                            New York, NY 10017
                                            212-907-7300
                                            pricardo@golenbock.com
                                            jmiller@golenbock.com

                                            *Attorneys for Defendant Michael Machua Millett*

4313475.1