# EXHIBIT A

*General US – New Hire*

## MARSH USA INC. NON-SOLICITATION AGREEMENT

AGREEMENT, dated as of ___June 29___, _2010_, between Marsh USA Inc. and/or subsidiaries thereof (the "Employer"), the parents and affiliates of which comprise Marsh & McLennan Companies, Inc. (the "Company"), and __Michael Meshwa Millett__ an employee of the Employer (the "Employee").

R E C I T A L S:

This Agreement, and the Confidentiality Agreement to be executed simultaneously herewith, is entered into in consideration of the Employee's (a) employment by the Employer, (b) eligibility to participate in certain bonus compensation plan(s) of Employer if required under such plan and/or its terms and conditions, and (c) Employee's access to Confidential Information and Trade Secrets belonging to Employer.

NOW, THEREFORE, the Employer and the Employee hereby agree to be bound by this Non-Solicitation Agreement and the Confidentiality Agreement, as follows:

1. **Non-Solicitation Of Clients**

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, Employee has and will come into contact with a significant number of Employer's clients and prospective clients, and will have access to Confidential Information and Trade Secrets (as defined in the Confidentiality Agreement), including those regarding Employer's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Company, whether such separation is voluntary or involuntary, Employee will not, for a period of twelve (12) months following such separation, directly or indirectly: (i) solicit clients of Employer for the purpose of selling or providing consulting services, projects or products of the type sold or provided by Employee while employed by Employer; or (ii) induce clients or prospective clients of Employer to terminate, cancel, *or discontinue* business with Employer, or (iii) perform or supervise the performance of consulting services, projects or products of the type sold or provided by Employee while he or she was employed by Employer on behalf of any clients or prospective clients of Employer. This restriction shall apply only to those clients or prospective clients of Employer with whom Employee had contact or about whom Employee obtained Confidential Information or Trade Secrets during the last two (2) years of his or her employment with the Company. For the purposes of this Section, the term "contact" means interaction between Employee and the client which takes place to further the business relationship, or making (or assisting or supervising the making of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client or prospective client on behalf of the Company. For purposes of this Section, the term "contact" with respect to a "prospective" client also means interaction between Employee and a potential client of the Company which takes place to obtain the business of the potential client on behalf of the Company.

Rev. 08/2008 – General US New Hire

2.  **Non-Solicitation Of Employees**

    Employee acknowledges and agrees that solely as a result of employment with Employer, and in light of the broad responsibilities of such employment which include working with other employees both of Employer and the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees. Accordingly, both during employment with the Company and for a period of twelve (12) months thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information or Trade Secrets to leave employment with Employer.

3.  **Conflict Of Interest**

    Employee may not use his/her position, influence, knowledge of Confidential Information or Trade Secrets or Employer's assets for personal gain, except as specifically provided in this Agreement. A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, customer or prospective customer without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal.

4.  **Equitable Relief**

    In recognition of the fact that irreparable injury will result to the Company in the event of a breach by the Employee of his/her obligations under this Agreement, that monetary damages for such breach would not be readily calculable, and that the Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by the Employee and persons acting for or in connection with the Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, incurred by the Company in seeking to enforce the provisions of this Agreement.

5.  **Severability**

    The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies. Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable. Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

Page 3

6. **Other Agreements Survive**

The obligations of the Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to the Employee's business activities during and/or subsequent to the Employee's employment by the Company. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job responsibilities.

7. **No Employment Contract**

The Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his/her employment will continue for any period of time. Unless otherwise agreed to under a separate employment contract between the Employee and the Employer, employment with Employer is "at-will," and may be terminated either by Employee or Employer at any time, with or without cause, and with or without notice.

8. **Binding Effect; Assignment**

The Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he/she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Further, the rights of the Company hereunder may be assigned, without consent of the Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

9. **Governing Law and Choice of Forum**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions. The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, the parties agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Supreme Court of the State of New York, New York County, or in the United States District Court for the Southern District of New York and the parties agree to the jurisdiction thereof. The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum. Employee recognizes that, should any dispute or controversy arising from or relating to this agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information or Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be severed for trial without a jury.

Page 4

### 10. Non-Waiver

The failure of either Employer or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by Employer or by Employee must be in writing and signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Employer is seeking to waive any of its rights under this Agreement.

### 11. Modification

No modification of this Agreement shall be valid unless made in a writing signed by both parties hereto, wherein specific reference is made to this Agreement.

### 12. Cooperation

Both during the Employee's employment with the Employer and after the termination thereof for any reason, Employee agrees to provide the Employer or Company with such information relating to his or her work for the Employer or others, as the Employer or Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

### 13. Disclosure

Employee hereby specifically authorizes the Employer or the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Employer or the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Employer and indicate that Employee has entered into this Agreement with the intention that the Employer and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

### 14. Headings

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

_____
Employee

Date: 6/29/10