UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

MARSH USA INC.,

     Plaintiff,

   -against-

MICHAEL MACHUA MILLETT and
NORTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

     Defendants.

-------------------------------------------------------- X

Case No. 22-cv-06656 (JMF)

**PLAINTIFF'S RESPONSES AND
OBJECTIONS TO DEFENDANTS'
FIRST SET OF REQUEST FOR
PRODUCTION OF DOCUMENTS**

Plaintiff MARSH USA INC. ("Marsh" or "Plaintiff"), by its counsel, Littler Mendelson,

P.C., submit these Responses and Objections to Defendants' First Request for Production of

Documents, dated December 9, 2022 (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to Defendants' Requests as a whole, and each of

the Responses is made subject to them:

1.   Plaintiff objects to the instructions and definitions to the extent that they purport to

incorporate meaning for a word or phrase other than its usual and customary meaning.

2.   Plaintiff objects to the Requests to the extent that they are vague, ambiguous,

overbroad and any attempt to respond would be unreasonably burdensome, expensive, harassing

and oppressive, or they do not properly advise Plaintiff as to the information requested.

3.   Plaintiff objects to the Requests to the extent they seek information that is beyond

the scope of this litigation, is neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible information, or necessary in the prosecution or

defense of this action.

4.      Plaintiff objects to the Requests to the extent that they seek information that is not in the possession, custody or control of Plaintiff.

5.      Plaintiff objects to the Requests to the extent that Plaintiff already possesses or have equal access to the information sought.

6.      Plaintiff objects to the Requests to the extent that they call for information for an unreasonable and/or irrelevant period of time, including but not limited to prior to June 8, 2020, or fail to include a temporal limitation, or call for information concerning times and events not relevant, material or necessary for either the prosecution or defense of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiff objects to the Requests to the extent that they seek information protected by the attorney/client privilege, work product doctrine, were prepared in anticipation of litigation or for trial by or for Plaintiff, or by any other privilege recognized by law, and/or any other applicable law, rule, privilege or immunity ("Privileged Information"). Any undertaking to produce information should be understood to exclude all Privileged Information. To the extent Privileged Information is provided by Plaintiff, in whole or in part, such action by Plaintiff is inadvertent and is without prejudice to and is not a waiver of any subsequent assertion of privilege by Plaintiff as to the information provided or identified.

8.      Plaintiff objects to the Requests to the extent that they seek information or call for the disclosure of confidential, proprietary or trade secret information.

9.      Plaintiff objects to the Requests to the extent that they seek information containing or call for disclosure of confidential, personnel, medical, personally identifying or financial information, including but not limited to any document containing personal information about current or former employees of Plaintiff, on the grounds that such information is neither relevant

to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and that such disclosure invades the privacy of such employees and/or is prohibited by law.

10.     Plaintiff objects to the Requests on the ground that they are vague and ambiguous and subject to several and/or conflicting interpretations. Plaintiff has tried to interpret the Requests reasonably but cannot represent that in all cases its interpretation is the same as intended by Plaintiff.

11.     Plaintiff objects to the Requests to the extent that they are unreasonably cumulative, seek duplicative information, or information that is obtainable from some other source that is more convenient, less burdensome or less expensive.

12.     Plaintiff objects to the Requests to the extent that they exceed the scope of the Federal Rules of Civil Procedure and the Local Rules of this Court.

13.     Plaintiff objects to the Requests to the extent that they are oppressive, are designed to harass and intimidate Plaintiff, and are contrary to and violate the spirit and letter of the discovery rules.

14.     Plaintiff objects to the Requests to the extent that they assume facts that have not been admitted nor established.

15.     Plaintiff objects to the Requests to the extent that they seek communications or other documents which may require the production of ESI as the parties had agreed that such production would not be necessary during this phase of discovery.

16.     Plaintiff's factual investigation is continuing. Plaintiff's responses to the Discovery Requests reflects their knowledge at the time of the responses. Plaintiff reserves the right to supplement or amend these responses, to make further objections that may become apparent as

additional information is located during discovery and thereafter, and to make use of documents or information not known to exist at the time of Plaintiff response to the Requests.

The foregoing General Conditions and Responses and Objections are incorporated into each of the Responses and Objections to the specific Requests set forth below.

## GENERAL CONDITIONS FOR RESPONSES

Plaintiff has endeavored to respond to the Requests on the basis of the best information now available to it. Information obtained by Plaintiff from Plaintiff and/or from any other person through the future utilization of discovery procedures or otherwise may be relevant to the substance of Plaintiff instant responses and Plaintiff are not purporting to be providing such information, if any, in the instant responses. The answers set forth herein are made without waiving the following:

1.     Plaintiff does not waive any objections based on relevance, materiality, competency, privilege immunity from disclosure, admissibility, or any other grounds.

2.     Plaintiff will respond to the Requests specified more particularly below and will make said responses available to the Plaintiff and their attorneys for the purpose of this lawsuit and for no other purpose.

3.     Plaintiff has exercised due and reasonable diligence in responding to the instant Requests. Plaintiff reserves the right to revise, correct, add to or clarify any of the responses set forth herein. Plaintiff further reserves the right to assert any applicable objections to the disclosure of any such additional information, or to introduction of the responses, the documents produced herewith, or any information contained therein as evidence at any subsequent stage of this proceeding.

4.      The agreement to provide information responsive to the Requests indicates merely that Plaintiff will provide responsive information, if any, that is identified upon a reasonable search, and only if Plaintiff has such responsive information within its possession, custody, or control, and the provision of this information is not otherwise objected to, Plaintiff will provide it subject to its specific objections.  Similarly, a response indicating that Plaintiff objects to provide or decline to provide responsive information shall not be construed or deemed as an acknowledgement that such information in fact exists.  Moreover, to the extent a Request is objected to as overly broad, unduly burdensome and/or vague, Plaintiff reserves the right to provide information responsive to the Request if properly framed.

5.      Plaintiff will produce documents as they have been kept in the ordinary course of business.  Plaintiff has made a good faith attempt to identify specific documents in response to each Request.  However, there may be other documents among the documents produced that also are responsive to a particular Request that has not been specifically identified.

6.      Plaintiff has responded to Defendants' Request for Production of Documents as it interprets and understands each Request made therein. If Plaintiff subsequently asserts an interpretation of any Request that differs from the understanding of Defendants, then Plaintiff reserve the right to supplement its objections and/or responses.

7.      Plaintiff responses herein to Defendants' Request for Production of Documents are for itself and for no other person or entity.

8.      The foregoing General Conditions and Responses and Objections are incorporated into each of the Responses and Objections to the specific Requests set forth below.

## **DEFINITIONS**

As used herein:

1. "Irrelevant" means that the requested information is not relevant to any party's claim or defense.

2. "Overbroad" means that the requested information encompasses, in total or in large part, information that is irrelevant, and that its disclosure would be unduly burdensome and oppressive.

3. "Vague" means that the referenced item is ambiguous or otherwise lacks the particularity necessary to permit a response.

4. "Unduly burdensome" means that the disclosure of the requested information would be oppressive, unduly expensive, and that the possible probative value of any such disclosure would be substantially outweighed by the effort that such production would entail.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request No. 1.:** All documents and communications that Marsh referenced, referred to, or otherwise relied upon in support of the allegations in its Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0003601-0004400, consisting of the documents annexed to the Complaint as Exhibits A, B, and C; and documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378, 0002379-0002381, 0002388-0002390, 0002398-0002400,

0002403-0002405, 0002409-0002410, 0002414-0002415, 0002850, 000500-000501, 0000585-0000586, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316,  0003330-0003331, 0003506.

**Document Request No. 2:** All documents and communications that James Beatty and John Umbach referenced, referred to, or otherwise relied upon in support of their averments in their respective Declarations filed in this Action.

   **RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

   Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0003601-0004400, consisting of the documents annexed to the Complaint as Exhibits A, B, and C; and documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378, 0002379-0002381,0002388-0002390, 0002398-0002400, 0002403-0002405, 0002409-0002410, 0002414-0002415, 0002850, 000500-000501, 0000585-0000586, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473,

0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 3:** All documents, including those that contain or reflect communications, concerning Millet's resignation or separation of employment from Marsh.

**RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000500-0000501, 0000585-0000586, 0000589, 0000407-0000408, 0000413-0000414, 0000423-0000424, 0004152, 0004153-0004154, 0004183-0004188, 0000049-0000050, 0000222-00000223, 0000519-0000520, 0000536, 0002398-0002400, 0002414-0002415, 0002850, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506, consisting of emails sent discussing Millett's resignation from Marsh.

**Document Request No. 4:** All documents, including those that contain or reflect communications, concerning the fact that Millett was joining or had joined the Northeast Series.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by

Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378, 0002379-0002381, 0002388-0002390, 0002398-0002400, 0002403-0002405 0002409-0002410, 0002414-0002415, 0002850, 000500-000501, 0000585-0000586, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 5:** All non-privileged documents containing or reflecting (a) non-privileged internal Marsh communications or (b) communications between Marsh and any other person, that were generated or received since June 16, 2022, concerning (i) Millett, (ii) Millett's departure or resignation from Marsh, (iii) Millett's prospective or actual affiliation with the Northeast Series, (iv) retaining, securing or maintaining and/or efforts to retain, secure or maintain business from Marsh Clients, (v) the transfer or potential transfer of any Marsh Client's business to another insurance broker, including, without limitation, the Northeast Series, (vi) the reason(s) stated for any such transfers, (vii) whether Millett took, disclosed, or used any alleged Marsh confidential information or trade secrets, (viii) the Action, (ix) the possibility or anticipation of Marsh's commencement of the Action, or (x) the TRO.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0003601-0004400, consisting of the documents annexed to the Complaint as Exhibits A, B, and C; and documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378, 0002379-0002381, 0002388-0002390, 0002398-0002400, 0002403-0002405 0002409-0002410, 0002414-0002415, 0002850, 000500-000501,0000585-0000586,0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 6:** All documents and communications concerning the phone call referenced at paragraph 41 of the Beatty Declaration.

**RESPONSE:**Plaintiff states that it is not in possession of any documents responsive to this request.

**Document Request No. 7:** All documents and communications concerning Marsh's counter and Millett's rejection of same, as referenced in paragraphs 42-43 of the Beatty Declaration.

**RESPONSE:**Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-

MILLETT_0000496-0000497, 0000500-0000501, 0000585-0000587, 0000591-0000592.

**Document Request No. 8:** To the extent not produced in response to other requests, all documents discussing, concerning, or referring to the departure and/or resignation of Millett from Marsh, including, without limitation, internal Marsh announcements, notifications to any Marsh clients, and notifications to carriers.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000502-0000503, 0000508, 0000525- 0000526, 0000530-0000532, 0000587-0000588, 0000591-0000592, 0000640-0000641.

**Document Request No. 9:** To the extent not produced in response to other requests, during the time period June 16, 2022 through the present, all documents containing or reflecting communications between Marsh, on the one hand, and any Marsh Clients that have allegedly transferred their insurance business to Defendants, on the other hand, including, without limitation what Marsh has referred to as "Client A."

**RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000502-0000503, 0000508, 0000525-0000526, 0000530-0000532, 0000587-0000588, 0000591-0000592, 0000640-0000641, 0000220, 00000553-0000554, 0001411-0001417, 0001536-0001552, 0002526-0002527, 0002551-0002554, 0002587-0002595, 0002619-0002620, 0002706-0002711, 0002774-0002777, 0003233-0002346, 0003283-0003284, 0003285-0003286, 0003346-0003348, 0003349-0003362, 0003363-0003373, 0003377-0003389, 0003392-0003405, 0003432-0003432, 0003463-0003466, 0003467-0003471, 0003472-0003478, 0003547-0003548, 0003552-0003554, 0003557-0003559.

**Document Request No. 10:** All documents concerning the damages that Marsh has allegedly sustained and seeks as a result of any purported actions or inaction of the Millett or the Northeast Series.

**RESPONSE:** Plaintiff objects on the grounds that the request is premature, vague, ambiguous, overbroad, and unduly burdensome. Subject to, and without waiving the foregoing objections, Plaintiffs will seek damages, including attorney's fees and costs, available to it under the claims set forth in the Second Amended Complaint. Plaintiff's economic damages may require one or more expert witnesses to calculate.

**Document Request No. 11:** All documents concerning any efforts by Marsh to mitigate any harm or damages it has allegedly incurred due to the actions alleged in the Complaint, including, without limitation, as respects Client A.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 12:** All documents concerning or supporting your contention that any of the Defendants have taken, shared, disclosed, or used, or are using, Marsh's confidential information, as alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 13:** Documents sufficient to identify any confidential information of Marsh that Marsh alleges Defendants have taken, used, shared, or disclosed in violation of a common law duty or enforceable contractual provision.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 14:** All documents and policies relating to any steps, measures, practices, policies, procedures, and processes by Marsh to maintain the confidentiality of, or otherwise protect, any of its alleged confidential information or trade secrets that Marsh claims that any of the Defendants have taken, shared, disclosed, or used, or are using, as alleged in the Complaint.

**RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000321-0000332 and MARSH-MILLETT_0004400-0003601.

**Document Request No. 15:**  All documents concerning or supporting your contention that Millett has unlawfully communicated with, solicited or serviced Marsh Clients or Prospective Marsh Clients, as alleged in the Complaint, the Beatty Declaration, and the Umbach Declaration.

  **RESPONSE:** Plaintiff objects to this request to the extent it seeks production of communications protected by the attorney-client privilege and attorney work-product. Plaintiff does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not need to be listed on a privilege log.

  Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000345-0000379, 0004197, 0000577-0000579, 0001957-0001959, 0000404-0000414, 0000423-0000424, 0004401-0004402, 0002257-0002259, 0002379-0002381, 0002403-0002405, 0000500-0000501, 0000585-0000586, 0000318-0000319, 0000399-0000403, 0000438-0000439, 0000440-0000443, 0000493-0000494, 0000530-0000532, 0000572-0000575, 0000635-0000637, 0000806-0000807, 0001522-0001418, 0001423-0001427, 0001428-0001433, 0001438-0001439, 0001440-0001441, 0001469, 0001470, 0001492-0001495, 0001497-0001500, 0001501-0001503, 0002441-0002441, 0002444, 0002678-0002680, 0003314-0003316, 0003330-0003331, 0004200.

**Document Request No. 16:**  Documents sufficient to identify any person you contend constitutes a Marsh Client or a Prospective Marsh Client.

  **RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000380, 0000390, 0000449, 0000513, 0000514-0000515, 0000037, 0000057. Plaintiff is still searching for additional documents and will supplement its response should additional documents exist.

**Document Request No. 17:**  Documents supporting your contention that any person you have

identified in response to Request No. 16 constitutes a Marsh Client or a Prospective Marsh Client.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000380, 0000390, 0000449, 0000513, 0000514-0000515, 0000037, 0000057. Plaintiff is still searching for additional documents and will supplement its response should additional documents exist.

**Document Request No. 18:**  Documents sufficient to show the insurance products that Marsh has sold to or brokered for, or the services that it has performed for, any persons you have identified in response to Request No. 16.

Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000380, 0000390, 0000449, 0000513, 0000514-0000515, 0000037, 0000057.

**Document Request No. 19:**  All communications between Marsh and Defendants concerning the passcodes for Millet's Marsh-issued phones.

**RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000407-0000408,    0000413-0000414,    0000423-0000424,    0004152, 0004153-0004154, 0004183-0004188.

**Document Request No. 20:**  White papers, presentations, articles, Powerpoint decks, and similar documents that Marsh offered or provided to its clients or prospects concerning any changes in the market for or pricing of directors and officers liability insurance policies for SPACs during the years 2020, 2021, and 2022.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378,    0002379-0002381,    0002388-0002390,    0002398-0002400, 0002403-0002405 0002409-0002410, 0002414-0002415, 0002850, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-

0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 21:** Documents supporting your contention that any of the persons or entities who Marsh alleges in its Complaint have transferred their business to Defendants was a Marsh Client as of June 16, 2022.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378, 0002379-0002381, 0002388-0002390, 0002398-0002400, 0002403-0002405 0002409-0002410, 0002414-0002415, 0002850, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 22:** For the time period June 6, 2022 through June 16, 2022, all documents and communications concerning any offers by Millett to assist Marsh with the transition of any work he had conducted for Marsh, including, without limitation, to participate in phone calls with Marsh clients about his departure and Marsh's servicing of those clients going forward.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000220, 00000553-0000554, 0001411-0001417, 0001536-0001552, 0002526-0002527, 0002551-0002554, 0002587-0002595, 0002619-0002620, 0002706-0002711, 0002774-0002777, 0003233-0002346, 0003283-0003284, 0003285-0003286, 0003346-0003348, 0003349-0003362, 0003363-0003373, 0003377-0003389, 0003392-0003405, 0003432-0003432, 0003463-0003466, 0003467-0003471, 0003472-0003478, 0003547-0003548, 0003552-0003554, 0003557-0003559.

**Document Request No. 23:** All documents and communications showing that Umbach had "worked to contact all SPAC clients that Millett had worked with to let them know that [he] would be their primary contact at Marsh going forward," as alleged at paragraph 10 of the Umbach Declaration.

**RESPONSE:**Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0001411-0001417, 0001536-0001552, 0002526-0002527, 0002551-0002554, 0002587-0002595, 0002619-0002620, 0002706-0002711, 0002774-0002777, 0003233-0002346, 0003283-0003284, 0003285-0003286, 0003346-0003348, 0003349-0003362, 0003363-0003373, 0003377-0003389, 0003392-0003405, 0003432-0003432, 0003463-0003466, 0003467-0003471, 0003472-0003478, 0003547-0003548, 0003552-0003554, 0003557-0003559.

**Document Request No. 24:** The e-mail chain referenced at paragraph 14 of the Umbach Declaration and all documents and communications concerning that e-mail chain.

**RESPONSE:**Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0000577-0000579, 0001960-0001962, 0002257-0005529, 0002379-0002381, 0002403-0002405.

**Document Request No. 25:** All documents and communications concerning the communication between Marsh and Client A, as referenced in paragraph 19 of the Umbach Declaration.

**RESPONSE:** Plaintiff did not locate any documents responsive to this request.

**Document Request No. 26:** All documents and communications concerning the meeting referenced at paragraph 20 of the Umbach Declaration.

**RESPONSE:** Plaintiff did not locate any documents responsive to this request.

**Document Request No. 27:** All documents and communications sufficient to show the work that Marsh had performed for the clients referenced in paragraphs 52-55, and 68-71 of the Beatty Declaration and paragraphs 19-20, and 22 of the Umbach Declaration.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 28:** All documents and communications concerning your claim that Defendants are providing services to all of the clients who moved their business from Marsh to the Northeast Series since Millett's resignation from Marsh, as alleged at paragraph 101 of the Complaint.

**RESPONSE:** Plaintiff refers Defendants to the documents bearing bates stamp numbers

MARSH-MILLETT_0000318-319. 0000399-0000403, 0000438-0000439, 0000440-0000443,

0000493-0000494, 0000530-0000532, 0000572-0000575, 0000635-0000637, 0000806-0000807,

0001522-0001418, 0001423-0001427, 0001428-0001433, 0001438-0001439, 0001440-0001441,

0001469, 0001470, 0001492-0001495, 0001497-0001500, 0001501-0001503, 0002441-0002441,

0002444, 0002678-0002680, 0003314-0003316, 0003330-0003331, 0004200.

**Document Request No. 29:** All documents and communications concerning your claim that Millet suggested to clients that they cancel their existing insurance policies, mid-stream or mid-term, so that he could broker a new policy on better terms, as alleged in paragraph 58 of the Beatty Declaration.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 30:** All documents and communications concerning your claim that Millet called an insurance company with whom he regularly worked while employed by Marsh to ask for details about the terms of a policy Marsh had brokered for a client through that company,

as alleged at paragraph 57 of the Beatty Declaration.

**RESPONSE:**Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 31:** All documents and communications concerning any instructions, directions or guidance that Marsh gave or intended to give Millett as to the nature of any work that he could or could not perform during his alleged notice period, as referenced in paragraphs 43-44 of the Beatty Declaration.

**RESPONSE:**Plaintiff objects to this request to the extent it seeks production of

communications protected by the attorney-client privilege and attorney work-product. Plaintiff

does not intend to produce emails Plaintiff's employees exchanged with Plaintiff's counsel relating

to the preparation of the Complaint. Plaintiff also does not intend to produce notes made by

Plaintiff's counsel or at the request of Plaintiff's counsel, and these litigation documents do not

need to be listed on a privilege log.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-

MILLETT_000049-000050, 0000222-0000223, 0000321, 0000404-0000408, 0000409-0000435,

0003601-0004425.

**Document Request No. 32:** All documents and communications concerning any work that Millett performed for Marsh during his alleged notice period, as referenced in paragraphs 43-44 of the Beatty Declaration.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 33:** All documents supporting your claim that the Northeast Series helped, induced, or encouraged Millett to violate any purported legal obligations that he owed to Marsh, or participated in any such conduct, as alleged in the Complaint.

**RESPONSE:**Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 34:** All documents supporting your claim that Millett breached his fiduciary duties to Marsh, as alleged in the Complaint.

Plaintiff refers Defendants to the documents bearing bates stamp numbers MARSH-MILLETT_0002371-0002378,    0002379-0002381,    0002388-0002390,    0002398-0002400, 0002403-0002405 0002409-0002410, 0002414-0002415, 0002850, 0000318-0000319, 0000396-0000397, 0000399-0000403, 0000439-0000438, 0000440-0000443, 0000493-0000494, 0000530-0000534, 0000572-0000575, 0000775-0000780, 0000806-0000807, 0001418-0001422, 0001423-0001427, 0001423-0001433, 0001438-0001439, 0001440-0001441, 0001469-0001473, 0001474-0001488, 0001492-0001495, 0001497-0001503, 0001505-0001512, 0001548-0001557, 0001939-0001943, 0001952-0001953, 0001957-0001959, 0002524-0002525, 0002587-0002589, 0002678-0002680, 0002918-0002921, 0003003-0003004, 0003312-0003316, 0003330-0003331, 0003506.

**Document Request No. 35:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the revenue and net profits earned by Marsh that is attributable to Everest Consolidator, Highland Transcend, Kernel Group Holdings Inc., Adit Edit Tech, Chain Bridge, and DMY Tech VI, for what services such revenue and net profits were earned, and how Marsh calculated such net profits.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 36:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the instances in which Marsh placed or procured the D&O IPO insurance for a SPAC client and then either did or did not procure the D&O run-off insurance for such SPAC client.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 37:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the revenue and net profits earned by Marsh that is attributable to any run-off insurance that is attributable to a SPAC client for which Marsh placed or procured such insurance, and how March calculated any such net profits.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 38:** With respect to the instances that are responsive to Request No. 53, all communications concerning Marsh's failure to place or procure such insurance, including, without limitation, any communications to Marsh informing it that the SPAC would not be using Marsh as its broker to place or procure the D&O run-off insurance

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 39:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the instances in which Marsh either did or did not place or procure any insurance policies for the target company of a de-SPAC transaction involving a SPAC client for which Marsh had previously placed or procured D&O IPO insurance.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 40:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the revenue and net profits earned by Marsh that are attributable to the instances in which Marsh placed or procured any insurance policies for the target company of a de-SPAC transaction involving a SPAC client for which Marsh had previously procured D&O IPO insurance, and how Marsh calculated any such net profits.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking

information not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 41:** With respect to the instances that are responsive to Request No. 56, all communications concerning Marsh's failure to procure such insurance, including, without limitation, any communications to Marsh informing it that the de-SPAC target company would not be using Marsh as its broker to place or procure any insurance policies.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 42:** For the years 2019, 2020, 2021, and 2022, respectively, documents sufficient to show the average annual revenue and net profits that Marsh has earned from placing or procuring any insurance policies for the target company of a de-SPAC transaction involving a SPAC client for which Marsh had previously placed or procured D&O IPO insurance, and how Marsh calculated such average annual revenue and net profits.

**RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 43:**  For the years 2019, 2020, 2021, and 2022, respectively, for those instances in which Marsh has placed or procured D&O IPO insurance for a SPAC involved in a de-SPAC transaction, all documents and communications concerning any analysis, discussion, determination, or showing of the number or percentage of such instances that result in an opportunity for Marsh to place or procure any insurance policies for the target company of the de-SPAC transaction.

   **RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 44:** With respect to any opportunities that are responsive to Request No. 42, documents sufficient to show the number or percentage of instances where the target company of the de-SPAC transaction has appointed or requested Marsh to place or procure any insurance policies for such target company, the nature of any such policies, and whether any such policies provide for recurring revenue or any opportunities for same.

   **RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 45:**  Documents sufficient to show the revenue and net profits that Marsh earned from services it provided for Griid and how Marsh calculated such net profits.

   **RESPONSE:** Plaintiff objects to this request as overbroad, vague, and seeking information

not relevant to any party's claim or defense and proportional to the needs of the case.

**Document Request No. 46:**  All documents and communications concerning any damages that Marsh alleges that it has incurred or suffered in this Action as a result of any conduct by Millett.

   **RESPONSE:** See response and objection to Document Request No. 10.

Dated: New York, New York
February 14, 2023

LITTLER MENDELSON P.C.


By: */s/ A. Michael Weber*

A. Michael Weber
Shawn Matthew Clark
James F. Horton
mweber@littler.com
smclark@littler.com
jfhorton@litter.com
900 Third Avenue
New York, NY 10022-3298
Telephone: 212.583.9600

*Attorneys for Plaintiff Marsh USA Inc.*