UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
MARSH USA INC.,

    Plaintiff,

 -against-

MICHAEL MACHUA MILLETT,

    Defendant.

---------------------------------------------------------- X

Case No. 22-cv-06656 (JMF)

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERRATORIES**

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern District of New York, Plaintiff MARSH USA INC. ("Marsh" or "Plaintiff"), by its counsel, Littler Mendelson, P.C., hereby objects and responds to Defendant Michael Machua Millett's ("Defendant") First Set of Interrogatories, dated December 9, 2022.

## RESERVATION OF RIGHTS

  Plaintiff responds to Defendant's Interrogatories subject to the accompanying objections, without waiving and expressly preserving all such objections. Any response to the Interrogatories is made subject to Plaintiff's right to object to the admission of any and all such responses on the grounds they are not relevant to the issues in this action or are otherwise inadmissible. Plaintiff also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to privilege or work product; and (b) the right to object to other discovery procedures concerning the subject matter of information to which they respond herein. These responses are based on Plaintiff's present knowledge, information and belief, and are subject to amendment and supplementation as Plaintiff acquires additional information or documents and completes its discovery of the facts underlying this case.

**DEFINITIONS AND GENERAL MATTERS**

1. In these Responses, the term "Plaintiff" means MARSH USA INC., and any agents, attorneys, representatives, or any persons acting on behalf of Plaintiff.

2. In these Responses, the term "Defendant" means MICHAEL MACHUA MILLETT.

3. In these Responses, the term "Complaint" means the Second Amended Complaint filed in this action on November 10, 2022.

4. In these Responses, the term "irrelevant" means that the Interrogatory is not relevant to the subject matter involved in the present action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. In these Responses, the term "overbroad" means that the Interrogatory encompasses or seeks, in total or in large part, information or documents that are irrelevant, and that their disclosure would be unduly burdensome and oppressive.

6. In these Responses, the term "vague" means that the referenced item is ambiguous or otherwise lacks the particularity necessary to permit a response.

7. In these Responses, the term "unduly burdensome" means that the disclosure of the requested information or documents would be oppressive, unduly expensive, and that the possible probative value of any such disclosure would be substantially outweighed by the effort that such production would entail.

8. In these Responses, the terms "concerning," "regarding," and "related to" shall mean relevant to, referring to, describing, evidencing, or constituting.

9. In these Responses, the terms "document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any record of any type or

description, including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium.

10. Unless otherwise stated, the relevant time period for these Interrogatories is June 1, 2020 through the present.

11. Plaintiff objects to each and every Definition to the extent that they purport to impose on Plaintiff obligations that are broader in scope or more burdensome, or to respond or supplement responses beyond that which is required by the Federal Rules of Civil Procedure, or to the extent they impose obligations of disclosure that exceed the scope permissible by law. Any use of Defendant's Definitions and Instructions by Plaintiff for purposes of responding to the Interrogatories does not constitute a waiver of such objection.

12. Plaintiff has made a good faith attempt to identify specific information in response to each Interrogatory. However, there may be other information among the documents produced that also are responsive to a particular Interrogatory that have not been specifically identified.

## **GENERAL OBJECTIONS**

The following general objections ("General Objections") apply to Defendant's Interrogatory Requests as a whole, and each of the Responses is made subject to them:

1. Plaintiff objects to the instructions and definitions to the extent that they purport to incorporate a meaning for a word or phrase other than its usual and customary meaning.

2. Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad and any attempt to respond would be unreasonably burdensome, expensive, harassing and oppressive, or they do not properly advise Plaintiff as to the information requested.

3. Plaintiff objects to the Interrogatories to the extent they seek information that is beyond the remaining claim and scope of discovery in this litigation, is neither relevant to the subject matter of this litigation as limited nor reasonably calculated to lead to the discovery of

admissible information, or necessary in the prosecution or defense of this action as limited.

4. Plaintiff objects to the Interrogatories to the extent that they seek information that is not in the possession, custody or control of Plaintiff.

5. Plaintiff objects to the Interrogatories to the extent that Defendant already possess or has equal access to the information sought.

6. Plaintiff objects to the Interrogatories to the extent that they call for information for an unreasonable and/or irrelevant period of time, or fail to include a temporal limitation, or call for information concerning times and events not relevant, material or necessary for either the prosecution or defense of this action as limited, and are not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, were prepared in anticipation of litigation or for trial by or for Plaintiff, or by any other privilege recognized by law, and/or any other applicable law, rule, privilege or immunity. Any undertaking to produce information should be understood to exclude all privileged information. To the extent privileged information is provided by Plaintiff, in whole or in part, such action by Plaintiff is inadvertent and is without prejudice to and is not a waiver of any subsequent assertion of privilege by Plaintiff as to the information provided or identified.

8. Plaintiff similarly objects to Defendant's use of the term "persons" to the extent it includes Defendant's attorneys and purports to require disclosure of information covered by the attorney-client privilege, the work-product doctrine or seeks material prepared in anticipation of litigation.

9. Plaintiff objects to the Interrogatories to the extent that they seek or call for the

disclosure of confidential, proprietary or trade secret information.

10. Plaintiff similarly objects to the Interrogatories to the extent that they seek information containing or that call for disclosure of confidential, personnel, personally identifying or financial information, including but not limited to documents containing personal information about current or former employees of Plaintiff on the grounds that such information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and that such disclosure invades the privacy of such employees and/or is prohibited by law.

11. Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous and subject to several and/or conflicting interpretations. Plaintiff has tried to interpret the Interrogatories reasonably but cannot represent that in all cases its interpretation is the same as intended by Defendant.

12. Plaintiff objects to the Interrogatories to the extent that they are unreasonably cumulative, seek duplicative information, or information that is obtainable from some other source that is more convenient, less burdensome or less expensive.

13. Plaintiff objects to the Interrogatories to the extent they exceed the requirements of disclosure provided under the Federal Rules of Civil Procedure, the Local Rules, this Court's rules, and applicable law.

14. Plaintiff objects to the Interrogatories to the extent that they are oppressive, are designed to harass and intimidate Plaintiff, and are contrary to and violate the spirit and letter of the discovery rules.

15. Plaintiff objects to the Interrogatories to the extent that they seek to require Plaintiff to produce copies of all information responding to a specific Interrogatory. Although Plaintiff has

5

attempted to identify relevant information in its responses, additional and/or other information may exist or respond to more than one of the Interrogatories.

16. Plaintiff objects to each and every Interrogatory to the extent it purports to require Plaintiff to set forth a lengthy narrative response when the information sought to be elicited can be obtained through a review of applicable documents or through depositions or other forms of discovery.

17. Plaintiff objects to the Interrogatories to the extent that they do not pertain to the limited issue of Plaintiff's defense.

18. Plaintiff's factual investigation is continuing. Plaintiff's responses to the Interrogatories reflect Plaintiff's knowledge at the time of the responses. Plaintiff reserves the right to supplement or amend these responses, to make further objections that may become apparent as additional information is located during discovery and thereafter, and to make use of documents or information not known to exist at the time of Plaintiff's responses to the Interrogatories.

19. All General Objections apply to each specific Interrogatory without reiteration therein. A specific objection that expressly incorporates the substance of a General Objection, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to any other Interrogatory.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows:

## **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person(s) with knowledge or information material to the allegations contained in the Amended Complaint or any defenses asserted in Defendants' Answer thereto, and for each such person, describe the information you believe each such person possesses.

**RESPONSE:** Plaintiffs object to this Interrogatory as it exceeds to the scope Local Rule 33.3 in that it requests the basis for each person's knowledge, and to the extent it infringes upon the attorney-client privilege or work product doctrine. Notwithstanding the foregoing, Plaintiff states that the following individuals have knowledge or information material to the allegations in the Amended Complaint: John Umbach, James Beatty, Kerri Petri, Andrew Fiscella, Kari Costa, and Collette Frank.

**Interrogatory No. 2:**

Identify all persons with knowledge or information concerning any trade secret, confidential, or proprietary information that you allege Millett misappropriated (i.e., improperly acquired, used, or disclosed) from Marsh, including those alleged in paragraphs 8, 75, etc. of the Amended Complaint and any forensic reports, investigations, or analyses related to same.

**RESPONSE:** Plaintiff objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: James Beatty and John Umbach.

**Interrogatory No. 3:**

Identify all persons with knowledge or information concerning any facts which support your allegations that Millett possesses, has disclosed, has used, or continues to use any of Marsh's confidential and proprietary information, including trade secrets, following Millett's departure from Marsh.

**RESPONSE:** Plaintiff objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: John Umbach, James Beatty, Andrew Fiscella, Kerri Petri, and Kari Costa.

**Interrogatory No. 4:**

Identify all persons with knowledge or information concerning any facts which support your allegations that Millett solicited, performed services for, or accepted business from, any Marsh Clients or Prospective Marsh Client, individually, or on behalf of or with the encouragement of Lockton, including the instances you allege in paragraphs 8, 16, 75-81, etc. of the Amended Complaint. This Interrogatory includes the persons employed by, or otherwise associated with, any Marsh Clients or Prospective Marsh Client that you contend Millett improperly solicited or serviced.

      **RESPONSE:**  Plaintiff objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: James Beatty, John Umbach, Andrew Fiscella, and Kerri Petri.

**Interrogatory No. 5:**

Identify all persons with knowledge or information concerning any facts which support your allegations that Millett interfered with any contractual or advantageous relationships to which Marsh was a party. This Interrogatory includes the persons with whose relationships you contend Millett interfered.

      **RESPONSE:**  Plaintiff objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: John Umbach and James Beatty.

**Interrogatory No. 6:**

Identify all persons who Millett called and who notified Beatty of such call(s), as you allege in paragraph 82 of the Amended Complaint.

      **RESPONSE:**  Plaintiff objects to the Interrogatory for inaccurately characterizing the

8

allegation in paragraph 82 of the Amended Complaint. Notwithstanding the general and specific objections, Plaintiff identifies Ross Nutter and Michel Brousset as two individuals who Defendant contacted on July 12, 2022, July 16, 2022, and July 18, 2022.

**Interrogatory No. 7:**

Identify all persons with knowledge or information concerning any facts which support your allegation that Beatty "learned that Millett was suggesting to clients that they cancel their existing insurance policies, mid-term, so he could broker a new policy on better terms," as you alleged in paragraph 83 of the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Interrogatory for inaccurately characterizing the allegation in paragraph 83 of the Amended Complaint. Plaintiff also objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: James Beatty.

**Interrogatory No. 8:**

Identify all persons with knowledge or information concerning any facts which support your allegation that "Millett could not have offered better terms to clients unless he was referencing each client's individual policy terms," as you allege in paragraph 84 of the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Interrogatory to the extent that it inaccurately characterizes the allegation in paragraph 84 of the Amended Complaint. Notwithstanding the general and specific objections, Plaintiff identifies: James Beatty.

**Interrogatory No. 9:**

Identify all persons with knowledge or information concerning any facts which support your allegations that, as you allege in paragraph 92 of the Amended Complaint, "Client A's representative told Umbach that Millett had recently contacted them" and told and expressed to Client A what you allege in that same paragraph of the Amended Complaint.

9

**RESPONSE:** Plaintiff objects to the Interrogatory to the extent that it inaccurately characterizes the allegation in paragraph 92 of the Amended Complaint. Plaintiff also objects that, to the extent that this Interrogatory seeks information known to Plaintiff's attorneys through privileged communications, this Interrogatory seeks information that is protected by the attorney-client privilege. Notwithstanding the general and specific objections, Plaintiff identifies: John Umbach, James Beatty, and Andrew Fiscella.

**Interrogatory No. 10:**

Identify the clients to which you refer in paragraphs 92-94 and 98-99 of the Amended Complaint.

**RESPONSE:** Notwithstanding the general objections, Plaintiff identifies: Adit Edtech Acquisition Corp., Griid, Chain Bridge I, DMY Tech VI, Everest Consolidator Acquisition Corporation, and Freedom Acquisition I Corp.

**Interrogatory No. 11:**

For the years 2019, 2020, 2021, and 2022, respectively, identify all persons with knowledge or information concerning the revenue and net profits earned by Marsh that is attributable to Everest Consolidator, Highland Transcend, Kernel Group Holdings Inc., Adit Edit Tech, Chain Bridge, and DMY Tech VI.

**RESPONSE:** Plaintiff objects to this integratory on the grounds that it is overly broad in time and not proportional to the needs of this case. Subject to and without waiving any of the foregoing objections, Plaintiff identifies: John Umbach, James Beatty, Jolie Small, Tyler McAllister, and Andrew Fiscella.

**Interrogatory No. 12:**

For the years 2019, 2020, 2021, and 2022, respectively, identify all persons with knowledge or information concerning the instances in which Marsh procured the D&O IPO insurance for a SPAC client and then either did or did not place or procure the D&O run-off insurance for such SPAC client.

10

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and not proportional to the needs of this case. Subject to and without waiving any of the foregoing objections, Plaintiff identifies: John Umbach and James Beatty.

**Interrogatory No. 13:**

For the years 2019, 2020, 2021, and 2022, respectively, identify all persons with knowledge or information concerning the revenue and net profits earned by Marsh that is attributable to any of the run-off insurance revenue and net profits attributable to a SPAC client for which Marsh placed or procured such insurance.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and not proportional to the needs of this case. Subject to and without waiving any of the foregoing objections, Plaintiff identifies: John Umbach and James Beatty.

**Interrogatory No. 14:**

For the years 2019, 2020, 2021, and 2022, respectively, identify all persons with knowledge or information concerning the instances in which Marsh either did or did not place or procure any insurance policies for the target company of a de-SPAC transaction involving a SPAC client for which Marsh had previously placed or procured D&O IPO insurance.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and not proportional to the needs of this case. Subject to and without waiving any of the foregoing objections, Plaintiff identifies: Andrew Fiscella, John Umbach, and James Beatty.

**Interrogatory No. 15:**

For the years 2019, 2020, 2021, and 2022, respectively, identify all persons with knowledge or information concerning the revenue and net profits earned by Marsh that is attributable to the instances in which Marsh procured any insurance policies for the target company of a de-SPAC transaction involving a SPAC client for which Marsh had previously placed or procured D&O IPO insurance.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad in time and not proportional to the needs of this case. Subject to and without waiving any of the foregoing objections, Plaintiff identifies: Andrew Fiscella, John Umbach, and James Beatty.

**Interrogatory No. 16:**

Provide a computation of each category of damages that you allege in the Action.

**RESPONSE:** Plaintiff objects on the grounds that the interrogatory is vague, ambiguous, overbroad, and unduly burdensome. Subject to, and without waiving the foregoing objections, Plaintiffs will seek damages, including attorney's fees and costs, available to it under the claims set forth in the Second Amended Complaint. Plaintiff's economic damages may require one or more expert witnesses to calculate.

Dated: New York, New York
       February 14, 2023                    LITTLER MENDELSON P.C.


                                            By:  */s/ A. Michael Weber*
                                                 A. Michael Weber
                                                 Shawn Matthew Clark
                                                 James F. Horton
                                                 mweber@littler.com
                                                 smclark@littler.com
                                                 jfhorton@litter.com
                                                 900 Third Avenue
                                                 New York, NY 10022-3298
                                                 Telephone:  212.583.9600

                                            *Attorneys for Plaintiff Marsh USA Inc.*


To:   S. Preston Ricardo, Esq.
      Jeffrey A. Miller, Esq.
      GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
      711 Third Avenue
      New York, NY 10017
      212-907-7300
      pricardo@golenbock.com
      jmiller@golenbock.com
      *Attorneys for Defendant Michael Machua Millett*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 14, 2023, the foregoing PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES were served on Defendant by email:

  S. Preston Ricardo, Esq.
  Jeffrey A. Miller, Esq.
  GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
  711 Third Avenue
  New York, NY 10017
  212-907-7300
  pricardo@golenbock.com
  jmiller@golenbock.com

            /s/ *James F. Horton*
            James F. Horton, Esq.
            *Counsel for Plaintiff*