**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**

Attorneys at Law  |  711 Third Ave.,  New York, NY  10017-4014
T  (212) 907-7300  |  F  (212) 754-0330  |  www.golenbock.com

Direct Dial No.: (212) 907-7341
Direct Fax No.: (212) 754-0330
Email Address: pricardo@golenbock.com

March 3, 2023

**VIA E-MAIL**
A. Michael Weber, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022

Re:   *Marsh USA Inc. v. Michael Machua Millett et al.*; Meet and Confer re Deficiencies with Plaintiff's Initial Disclosures and Written Responses to Defendant's Document Requests and Interrogatories

Dear Michael:

Pursuant to Fed. R. Civ. P. 37(a)(1), Rule 2.E of Judge Furman's Individual Rules and Practices (the "Rules"), and Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, we are writing to meet and confer with you about certain deficiencies in the Initial Disclosures that plaintiff Marsh USA Inc. ("Plaintiff") served on November 23, 2022, and Marsh's February 14, 2023 written responses to defendant Michael Machua Millett's ("Defendant") December 9, 2022 Requests for Production and Interrogatories.  Because all fact discovery must be completed no later than April 10, 2023, in order to avoid having to promptly file a letter-motion with the Court seeking to compel Plaintiff's compliance with its discovery obligations, we request responses to the items detailed below, as part of the meet and confer process, no later than March 8, 2023.

***Deficiencies with Plaintiff's Initial Disclosures***

Rule 26(a)(1)(c) requires Plaintiff to disclose to Defendant "*a computation of any category of damages* claimed by the disclosing party".  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (emphasis in original).  Although a plaintiff need not specify a damages figure with precision at the time of its initial disclosures, the Second Circuit explained in *Design Theory* that the plaintiff must provide more than undifferentiated calculations based on "simple arithmetic" to satisfy Rule 26(a)'s requirement of a "computation" of damages, and that any computation must reasonably account for the particular facts of the case." *Id. at* 295 (emphasis in original) (precluding recovery of lost profits where plaintiff's disclosure included only a "generic reference to 'damages'" and failed to identify lost profits as measure of recompense).  Courts applying the Second Circuit's directives in *Design Strategy* have stated that Rule 26(a)'s

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

A. Michael Weber, Esq.
March 3, 2023
Page 2

reference to a computation "means 'computing in dollars how much the disclosing party claims for each category of damages' with supporting analysis *based on information reasonably available to the party at the time of such disclosures*." *Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 2022 WL 1204562, at *1 (S.D.N.Y. Apr. 22, 2022) (emphasis added) (finding that plaintiff was required to provide a statement of damages claimed, itemizing each component or element of the damages sought with respect to each claim, including the manner and method used to calculate the claimed damages" based on information reasonably available to it at the time of disclosure).  This obligation is an ongoing one that requires timely supplementation of a plaintiff's disclosures based on new or additional information.  *See id.* (stating that there is an ongoing requirement to supplement damages disclosures as additional information becomes available to the party).

Plaintiff commenced this action on August 5, 2022, and the parties have exchanged document productions.  Despite these facts, as well as the information that has been exclusively within Plaintiff's knowledge since commencement last summer, Plaintiff's damages disclosures do not identify *any* "category" of damages that Plaintiff seeks to recover in this action, much less provide a "computation" of claimed damages based on information reasonably available to Plaintiff at the initial disclosure date and now.  Indeed, the entirety of Plaintiff's damages disclosure states: "Plaintiff will seek all damages, including attorneys' fees and costs, available to it under the claims set forth in the Second Amended Complaint."

In its Second Amended Complaint, Plaintiff does not specify an estimated amount of damages; it provides only a vague, general statement that Plaintiff has suffered damages in the form of attorney's fees for this litigation, and "lost business in an amount to be proven at trial."  Thus, notwithstanding Rule 26(a)'s initial disclosure requirements with respect to damages, Plaintiff's Initial Disclosures were – and remain – even *more* vague than the generic damages statement contained in the Second Amended Complaint.  Plaintiff's vague and evasive "disclosure" is clearly deficient under Rule 26.  Indeed, numerous decisions have held that even disclosures that were far more detailed (*e.g.*, actually identify specific damages figures and attempt to provide some explanation for their calculation) than the meaningless statement provided by Plaintiff were not sufficient to meet the plaintiff's Rule 26(a) obligation.  *See, e.g.*, *Cosmopolitan Interior NY Corp. v. Dist. Council 9 Int'l Union of Painters & Allied Trades*, 2020 WL 3050732, at *2 (S.D.N.Y. June 8, 2020) (finding plaintiff's production of a list of contracts lost with conclusory statement of lost profits from each job insufficient to meet Rule 26(a) requirements of a "computation" and requiring methodology for calculation as well as production of documents underlying the calculations).

Accordingly, in order for Defendant to conduct full and complete fact depositions and to begin preparing for the expert discovery phase of this case without any prejudice caused by Plaintiff through its failure to comply with its discovery obligations, Defendants requests that Plaintiff confirm that it will immediately amend and supplement its Initial Disclosures, consistent with its obligations, to identify both: (i) the *category or categories* of damages it

4431520.2

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

A. Michael Weber, Esq.
March 3, 2023
Page 3

seeks; and (ii) a *computation* of the amount of damages Plaintiff is claiming and intends to seek, including the methodologies through which Plaintiff intends to compute or establish such damages. Plaintiff must also produce at this time all available *documents and other evidentiary material* on which Plaintiff's claimed damages computation is based. *See Design Strategy*, 469 F.3d at 295-96.

***Deficiencies with Plaintiff's Interrogatory Answers***

1. Interrogatory No. 4:

In response to this interrogatory, and despite asserting no objection, Plaintiff did not identify the "persons employed by, or otherwise associated with, and Marsh Clients or Prospective Marsh Clients that you contend Millett improperly solicited or serviced." Please supplement your answer with the identities of such persons.

2. Interrogatory No. 6:

In response to this interrogatory, Plaintiff did not identify the person(s) "who notified Beatty of such call(s), as alleged. . . ." s employed by, or otherwise associated with, and Marsh Clients or Prospective Marsh Clients that you contend Millett improperly solicited or serviced." Please supplement your answer by doing so.

3. Interrogatory No. 9:

In response to this interrogatory, Plaintiff did not identify Client A's representative. Please supplement your answer by doing so.

4. Interrogatory No. 16

Through this interrogatory, Defendant sought substantially the same information to which he is entitled under Rule 26(a). After consenting to Plaintiff's successful request to obtain more time from the Court for fact discovery and responding to Defendant's written discovery requests, and upon receiving Plaintiff's written responses on February 14, 2023, we were surprised to see that Plaintiff had once again disregarded its obligation to provide full and complete disclosures of the claimed damages it intends to seek, choosing instead to merely repeat the same defective response from its November 2022 initial disclosures.

More specifically, Interrogatory No. 16 required Plaintiff to "[p]rovide a computation of each category of damages that you allege in the Action." Outside of its boilerplate objections, Plaintiff responded that "*Plaintiffs will seek damages, including attorney's fees and costs, available to it under the claims set forth in the Second Amended Complaint. Plaintiff's economic damages may require one or more expert witnesses to calculat*e." As the cases cited above

4431520.2

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**

A. Michael Weber, Esq.
March 3, 2023
Page 4

demonstrate, Plaintiff's response is defective, whether provided as part of Plaintiff's initial disclosures or interrogatory responses. *See Design Strategy, Inc*, 469 F.3d at 295 ("Design's failure to comply with [initial disclosure] requirement was especially troubling because, as noted by the District Court, the IT Defendants specifically requested a calculation of damages.").

Defendant requests that Plaintiff confirm that it will immediately amend its response to Interrogatory 16 by identifying (i) the categories of damages that it intends to seek for each of Plaintiff's clients or prospective clients whose business Plaintiff alleges it lost as a result of any unlawful actions by Defendant, and (ii) a computation of the amount, the methodology, and the information on which such computation is based. As a decision that was cited with approval in *Design Strategy* explained, "plaintiff should provide more than a lump sum statement of the damages allegedly sustained." The court observed that while the "meaning of 'category' of damages is not clear," it "requires more than merely the broad types of damages" a plaintiff may seek for various causes of action. *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) (finding plaintiff's "aggregation of, for example, compensatory damages for all claims, all contracts, and all defendants" was improper where "breaches and fraud with respect to six different contracts" were alleged, and stating that computation should enable Defendants "to discern how the compensatory damages claimed are distributed among the contracts."). Similarly, here, Defendant is entitled to know the damages that, based on the information reasonably available to it at this time, Plaintiff claims to have suffered as a result of the alleged loss of each of its clients and prospective clients or prospective business, the methodology for such calculations, and all supporting information and documents substantiating the methodology and calculation.

***Deficiencies with Plaintiff's Responses to Defendant's Document Requests***

1. Requests for Production Nos. 10, 35, 45, and 46

Defendants' Request for Production of Documents, which were served with Defendant's Interrogatories, include a number of requests that similarly seek documents to which Defendants are entitled concerning Marsh's claimed damages, its damages theories, and computation of damages, including the method, underlying data, and any other documents upon which Plaintiff intends to rely in calculating the damages it seeks in this lawsuit. RFP No. 10 requests: "All documents concerning the damages that Plaintiff has allegedly sustained and seeks as a result of any purported actions or inaction of" Defendant. RFP No. 46 is similar. Plaintiff's responses again regurgitates the same baseless boilerplate objections and provides the same answer that it gave to Interrogatory No. 16 – *i.e.*, "Plaintiffs will seek damages, including attorney's fees and costs, available to it under the claims set forth in the Second Amended Complaint. Plaintiff's economic damages may require one or more expert witnesses to calculate."

Defendant's subject document requests essentially track the documents that Rule 26(a) requires Plaintiff to produce concerning the computation of claimed categories of damages. *See*

4431520.2

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

A. Michael Weber, Esq.
March 3, 2023
Page 5

*Design Strategy*, 469 F.3d at 296 ("A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34.") Plaintiff's response does not reference any documents, and Plaintiff has not produced any, that are responsive to this request. The requests are not premature at this stage of the litigation; are not vague and ambiguous; are not overbroad; and are not unduly burdensome. The same is true for RFP No. 35 and No. 45. If Plaintiff were to establish that Defendant breached the enforceable scope of his restrictive covenants, Plaintiff's damages would be limited to the non-speculative lost net profits that it could prove it incurred due to those breaches. *See*, *e.g.*, *Spielvogel v. Zitofsky*, 175 A.D.2d 830, 831, 573 N.Y.S.2d 198, 199 (2d Dep't 1991); *Gomez v. Bicknell*, 302 A.D.2d 107, 114, 756 N.Y.S.2d 209, 215 (2d Dep't 2002) ("[I]nvolved in the calculation of an employer's net profits in this context is consideration of its own generalized expenses of administration and overhead." (citations omitted)); *Weinrauch v. Kashkin*, 64 A.D.2d 897, 898, 407 N.Y.S.2d 885, 886 (2d Dep't 1978) ("[t]he correct standard [for measuring damages] is the net profits of which the plaintiff was deprived).

Thus, Plaintiff's claimed damages from the alleged loss of clients or future business is indeed relevant, including Plaintiff's projections of future business from such clients or information from which such losses could be calculated. While we understand that Plaintiff may require an expert to finalize its theories and calculations, documents concerning its revenues, profits, etc., for any alleged lost clients or future business – or information from which such losses could be calculated – are certainly relevant, have long been available to Plaintiff, and are exclusively within its control. *See Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 433 (S.D.N.Y. 2011) (stating that "business planning documents detailing Trilegiant's projected earnings from its various contracts . . . including the one at issue in this litigation . . . are relevant to its claim for actual damages," since they bear on "extent that the plaintiff has not realized those profits due to the breach alleged here.").

Defendant therefore requests that Marsh immediately amend its response to RFP No. 10, No. 35, No. 45, and No. 46 to provide all documents currently in Plaintiff's possession, custody or control that bear on its calculation or computation of damages it may seek, and on which it may rely to establish or prove such damages. In addition to producing all available documents at this time, Plaintiff has a continuing obligation to supplement both its disclosures on damages and production of supporting documents as such information becomes available. *Id.* (Rule 26(a) "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34.)

   2. Requests for Production Nos. 36-44

Plaintiff has indicated that it believes it would be entitled to damages not only for lost revenue or profits associated with any actual clients that it lost as a result of any violation by Defendant of his restrictive covenants, but also based on (i) the alleged loss of D&O run-off

4431520.2

**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE** LLP

A. Michael Weber, Esq.
March 3, 2023
Page 6

insurance from a SPAC that had previously placed D&O IPO insurance through Plaintiff and (ii) the alleged loss of opportunities to place or procure insurance business for the target company of a de-SPAC transaction where Plaintiff had previously placed D&O IPO insurance for the SPAC that is involved in such de-SPAC transaction.  Even though Defendant disagrees that these are viable damages theories, *see Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp*, LLC, 813 F. Supp. 2d 489, 519 (S.D.N.Y. 2011) (a plaintiff cannot recover profits at all unless they are "'capable of proof with reasonable certainty'") (citing *Kenford Co. v. Cnty. of Erie*, 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 132, 493 N.E.2d 234 (N.Y. 1986)), they are nonetheless relevant based on Plaintiff's apparent intention to rely upon them."  Case law amply supports Defendants' position that information related to historical and anticipated revenues and profits are not only relevant, but are required to be provided to substantiate the computation of damages under Rule 26(a). *See Cosmopolitan Interior NY Corp. v. Dist. Council 9 Int'l Union of Painters & Allied Trades*, 2020 WL 3050732, at *2 (holding that supplemental production of a mere list that identified lost contracts and listed amount of lost profits for each was insufficient to satisfy plaintiff's discovery obligations, since the documents provided did not "detail the plaintiff's costs for labor and materials or show documentary proof that it actually earned such a profit margin on similar works in the past," and neither "contracts nor bids disclose the profit margin, no less how such profit margin is calculated or proven.").

Defendant's RFP Nos. 36-44 are specifically targeted at these theories, the profits and revenue that Plaintiff may claim in connection with them, and the extent to which any such alleged damages are capable of proof with the requisite level of reasonable certainty (*e.g.*, to substantiate the likelihood of an ongoing business relationship, documents bearing on anticipated revenues and profits from such clients, historical data measuring anticipated future business and revenues from particular clients or classes of clients, *etc.*).  Plaintiff has objected to these requests, however, on the grounds that they are not relevant.  As part of this meet and confer process, Plaintiff must explain its basis for contending that the requests are not relevant.  If the reason is because Plaintiff will not be pursuing the damages theories that we have identified or similar ones, then Plaintiff must confirm that to be the case.

   3. Remaining Disputed Requests for Production

Plaintiff has lodged boilerplate objections ("overbroad, vague, and seeking information not relevant to any party's claim or defense and proportional to the needs of the case") to the following requests and refused to produce any documents in response thereto: Nos. 12-13 (documents supporting Plaintiff's allegations that Defendant has taken, used or shared Plaintiff's confidential information), No. 27 (documents supporting statements in specified paragraphs of the Beatty and Umbach Declarations), Nos. 29-30 (documents supporting Plaintiff's own allegations regarding Defendant's purported conduct), and No. 32 (documents supporting the allegations in paragraphs 42-43 of the Second Amended Complaint).  Plaintiff's objections and refusal to produce responsive documents are plainly improper.

A. Michael Weber, Esq.
March 3, 2023
Page 7

  All of the referenced requests seek documents concerning or supporting specific allegations that Plaintiff itself has included in its Second Amended Complaint and/or the Declarations it has filed in this case. Several of the requests at issue even identify the specific paragraph numbers containing those allegations (most of which form the core basis for Plaintiff's claims). Plaintiff's decision to assert these allegations forecloses any objection that documents supporting or related to the requests are irrelevant or that the information sought is "vague," and belies any suggestion that Plaintiff actually believes its objections are well-founded. *See Robinson v. De Niro*, 2022 WL 101909, at *4 (S.D.N.Y. Jan. 11, 2022) (finding objection that requests were "vague, ambiguous, and various terms, including "recommendation letter" are not defined" to be "frivolous" and "disingenuous" where the discovery request concerned statements made by plaintiff, and stating that defendant is entitled to obtain discovery concerning "the accuracy of statements made by the Plaintiff"); *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *7 (S.D.N.Y. Feb. 16, 2016) (defendants entitled to discovery on plaintiff's physical health where he had put physical condition at issue, and entitled to discovery concerning "medical records, wage and earning information, mitigation efforts and his damages calculations.")

  Notably, Plaintiff makes no attempt to even identify how the requests are "vague" or what makes them irrelevant to Plaintiff's or Defendant's claims or defenses. These objections are improper and are not a sufficient basis to withhold responsive information. *See N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) ("[A] party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive.'"); *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."). Defendant is entitled to obtain discovery concerning the documents and information that Plaintiff relied on for its allegations, as well as the documents he seeks that bear on the truth of those allegation.

\*  \*  \*

  We remain hopeful that we can avoid seeking the Court's intervention, but, given the stage of this litigation, we need your prompt responses and assurances.

              Sincerely,

              S. Preston Ricardo

4431520.2

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE** LLP

A. Michael Weber, Esq.
March 3, 2023
Page 8

cc:  Shawn Matthew Clark, Esq.
     James F. Horton, Esq.

4431520.2