UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
MARSH USA, INC.,                                                  :
                                                                  :
                                    Plaintiff,         :                 22-CV-6656 (JMF)
                                                                  :
                  -v-                                 :              MEMORANDUM OPINION
                                                                  :                    AND ORDER
MICHAEL MACHUA MILLETT,                                           :
                                                                  :
                                    Defendant.         :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        This case, familiarity with which is presumed, is to be tried without a jury beginning on October 3, 2023. *See* ECF No. 85. On July 14, 2023, the parties served and/or filed their pretrial materials, including — in accordance with the Court's Orders — affidavits representing the direct testimony of most witnesses. *See* ECF Nos. 77-84. Shortly thereafter, Plaintiff Marsh USA Inc. ("Marsh") served a subpoena on non-party Southeast Series of Lockton Companies, Inc. ("Lockton Southeast"). Defendant Michael Mashua Millett ("Millett") now moves to quash the subpoena on the ground that was served after the close of fact discovery. *See* ECF No. 94. In response, Marsh contends that the subpoena was proper because it "is merely seeking information [for] impeachment and cross-examination . . . at trial." ECF No. 95, at 1.

        Trial subpoenas are "'appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation.'" *Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170, 2018 WL 3216119, at *1 (S.D.N.Y. May 17, 2018) (quoting *Revander v. Denman*, No. 00-CV-1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)). While subpoenas requesting documents "for cross-examination

and impeachment only . . . are properly classified as trial subpoenas," *see Joseph P. Carroll Ltd. v. Baker*, No. 09-CV-3174, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) (internal quotation marks omitted), "parties may not issue subpoenas as a means to engage in discovery after the discovery deadline has passed," *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05-CV-8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) (Sullivan, J.) (internal quotation marks omitted).  Courts have allowed post-discovery subpoenas where they were "intend[ed] . . . for cross-examination and impeachment *only*, . . . very limited in scope[,] and relate[d] to information revealed during" the relevant witness's testimony. *Malmberg v. U.S.*, 06-CV-1042, 2010 WL 1186573, *3 (S.D.N.Y. Mar. 24, 2010) (emphasis added).  By contrast, courts have quashed post-discovery subpoenas failing to meet such criteria — e.g., "intend[ed] to perform an analysis . . . probative" of a factual question central to the trial. *Agapito*, 2018 WL 3216119, at *1 (internal quotation marks omitted).

The subpoena at issue here falls on the impermissible side of the line.  Indeed, Marsh's claim that it is "not attempting to reopen discovery" is belied by the broad scope of its subpoena, ECF No. 95, at 1, which requests "[a]ll documents" related to Lockton Southeast's work for two clients and "[a]ll documents reflecting or substantiating" certain statements in the affidavit representing Fernando Silva's direct testimony, ECF No. 94-1, at 7-8.  *See Revander*, 2004 WL 97693, at *2 ("Subpoenas calling for 'any and all records' are exactly the kind of 'shotgun' subpoenas that should not be issued on the eve of trial." (quoting *Pitter v. Am. Express Co.*, No. 82-CV-7451, 1984 WL 1272, at *6 (S.D.N.Y. Nov. 27, 1984))).  These broad requests — for "documents not previously produced or identified," *id.* at *2 — are plainly intended to gather evidence rather than "for cross-examination and impeachment only," *Joseph P. Carroll Ltd. v. Baker*, 2012 WL 1232957, at *2.  Drawing the line on such requests is all the more important

given the Court's approach to non-jury trials, which calls for submission of direct testimony by affidavit. That requirement is intended to promote efficiency, not to invite parties to reopen fact discovery with the benefit of having reviewed the opposing side's direct testimony under the banner of "trial discovery." In short, because discovery is closed and Marsh's requests exceed the scope of a trial subpoena, Millett's motion to quash the subpoena served on Lockton Southeast is GRANTED. Marsh is hereby barred from using, in any fashion, any information or documents it may receive pursuant to its untimely subpoena.

Finally, Millett seeks attorney's fees from Marsh as a sanction for violating the Court's scheduling order and "for wasting the Court's and opposing counsel's time." ECF No. 94, at 3; *see* Fed R. Civ. P. 16(f)(2), 37(b)(2)(C). Millett's request under Rule 37(b)(2)(C) is easily denied. A "district court may only impose sanctions under Rule 37(b) for noncompliance with 'a clearly articulated order of the court requiring specified discovery,'" and Marsh has violated no such order here. *Susana v. NY Waterway*, No. 20-CV-455, 2023 WL 2575050, at *10 (S.D.N.Y. Mar. 20, 2023) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991)). As for Millett's request for attorney's fees under Rule 16(f)(2), the Court finds that such monetary sanctions are not appropriate here. *See Hamilton Int'l Ltd. v. Vortic LLC*, No. 17-CV-557, 2018 WL 5292128, at *3 (S.D.N.Y. Oct. 25, 2018) ("The decision to impose sanctions is committed to the sound discretion of the district court." (internal quotation marks omitted)). Marsh's claim that the "scope of [Silva's] knowledge" appears to be broader than Millett initially disclosed is not entirely unreasonable, ECF No. 95, at 1, and its attempt to obtain new documents pertaining to Silva's testimony, while untimely and otherwise without merit, was not made in bad faith. *See TufAmerica, Inc. v. Codigo Music LLC*, No. 11-CV-1434, 2017 WL 3475499, at *8 (S.D.N.Y. Aug. 11, 2017) (explaining that the "principal objective" of fee sanctions under

Rule 16(f)(1) "is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses").  Millett's request for attorney's fees is therefore DENIED.

The Clerk is directed to terminate ECF No. 94.

SO ORDERED.

Dated: August 22, 2023
      New York, New York

                                        JESSE M. FURMAN
                                      United States District Judge